# UNITED STATES DISTRICT COURT
for the
Southern District of New York

09 CV 7710

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **JUDGE SWEET** |
| ZIM INTEGRATED SHIPPING SERVICES LTD. f/k/a ZIM ISRAEL NAVIGATION COMPANY LIMITED | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Zim Integrated Shipping Services Ltd.
7-9 Pal-Yam Avenue
P.O. Box 1723
Haifa 31016
Israel

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Wendy H. Schwartz, Esq.
Oliver Beiersdorf, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Phone: (212) 521-5400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
*CLERK OF COURT*

Date: SEP - 4 2009

*Signature of Clerk or Deputy Clerk*



Wendy H. Schwartz
Oliver Beiersdorf
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
wschwartz@reedsmith.com
obeiersdorf@reedsmith.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GENERAL ELECTRIC CAPITAL CORPORATION,　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　　　　:　　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　- against -　　　　　　　　　　　　　:　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　:
ZIM INTEGRATED SHIPPING SERVICES LTD. f/k/a　:
ZIM ISRAEL NAVIGATION COMPANY LIMITED,　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　　　:
------------------------------------------------------------------x


RECEIVED SEP - 4 2009 U.S.D.C. S.D.N.Y. CASHIERS

　　　　　Plaintiff General Electric Capital Corporation ("GECC" or "Plaintiff"), by and through its attorneys, Reed Smith LLP, complains of Defendant Zim Integrated Shipping Services Ltd. f/k/a Zim Israel Navigation Company Limited ("Zim" or "Defendant") upon information and belief as follows:

## NATURE OF ACTION

　　　　　1.　　This is an action for breach of maritime contracts which are admiralty and maritime claims within the meaning of 28 U.S.C. §1333.

　　　　　2.　　Plaintiff seeks damages from Defendant for Defendant's breach of two maritime contracts based on Defendant's failure to timely make rental payments for the lease of marine shipping containers.

## JURISDICTION AND VENUE

3. In addition to qualifying as an admiralty and maritime claim under 28 U.S.C. §1333, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

4. The contracts at issue provide that Plaintiff and Defendant submit to the jurisdiction of any federal and state court within the State of New York, County of New York, for any claim or controversy arising out of, or relating to, the contracts, and that the contracts are to be governed by and construed in accordance with New York law.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because Defendant is a corporation subject to personal jurisdiction in New York due to its registration status and is therefore considered to reside within the judicial district.

## PARTIES

6. GECC, at all relevant times, was and is a Delaware corporation with its principal place of business located in Fairfield, Connecticut. GECC is the successor in interest to TransAmerica Leasing Inc. (hereinafter referred to jointly as "Plaintiff" or "GECC").

7. Upon information and belief, Zim, at all relevant times, was and is a foreign corporation with its principal place of business located in Haifa, Israel and is registered to transact business in New York. Defendant has been registered with the New York Department of State, Division of Corporations, as an active Israeli business corporation certified to transact business in the State of New York since June 25, 2009.

8. Upon information and belief, Zim Israel Navagation Company Limited changed its name to Zim Integrated Shipping Services Ltd. on or about August 3, 2004.

9. GECC provides global financing and services including equipment leasing and lending, inventory financing, fleet services and franchise financing to companies.

10. Upon information and belief, Zim provides marine transportation and logistics services, including container shipping services worldwide.

## FACTUAL BACKGROUND

### The 2001 Agreement

11. On or about December 10, 2001, Plaintiff and Defendant entered into a Master Equipment Lease Agreement (the "2001 Lease Agreement"), whereby Plaintiff agreed to lease to Defendant certain shipping containers, to be specified in Addenda, in exchange for specified payments by Defendant to Plaintiff.

12. Pursuant to Lease Addendum No. 1 to the 2001 Lease Agreement, dated as of December 10, 2001, Plaintiff leased to Defendant certain specified shipping containers for an eight-year period commencing in accordance with the terms in the Addendum and in exchange for the payments specified in the Addendum.

13. Pursuant to Lease Addendum No. 6 to the 2001 Lease Agreement, dated as of August 1, 2002, Plaintiff leased to Defendant certain specified shipping containers for a seven-year period commencing August 1, 2002, in exchange for the payments specified in the Addendum.

14. Pursuant to Lease Addendum No. 7 to the 2001 Lease Agreement, dated as of August 6, 2002, Plaintiff leased to Defendant certain specified shipping containers for an eight-year period commencing in accordance with the terms in the Addendum and in exchange for the payments specified in the Addendum.

15. Pursuant to Lease Addendum No. 8 to the 2001 Lease Agreement, dated as of October 31, 2002, Plaintiff leased to Defendant certain specified shipping containers for a ten-year period commencing November 1, 2002, in exchange for the payments specified in the Addendum.

16. Pursuant to Lease Addendum No. 9 to the 2001 Lease Agreement, dated as of June 6, 2003, Plaintiff leased to Defendant certain specified shipping containers for an eight-year period commencing in accordance with the terms in the Addendum and in exchange for the payments specified in the Addendum.

17. Defendant failed to make the required payments due on (1) May 29, 2009; (2) June 1, 2009; (3) June 30, 2009 and (4) August 1, 2009 under Addenda Nos. 1, 6, 7, 8 and 9 to the 2001 Lease Agreement.

18. Plaintiff provided Defendant with notices of default based on Defendant's failure to make the required payments. Each such notice stated that Defendant had seven days from the date of notice to remit payment in full, or be considered in default of the contract, as provided under Section 12(a)(i) of the 2001 Lease Agreement.

19. In each instance of default specified in paragraphs 19 and 20 above, Defendant did not remit payment within the seven days, as required by the 2001 Lease Agreement.

20. Pursuant to Section 12(a)(i) of the 2001 Lease Agreement, Defendant's failures to pay described in paragraphs 17 - 19 above constitute Events of Default.

21. On August 27, 2009, on account of the above Events of Default, Plaintiff invoked its rights under Section 12(b) of the 2001 Lease Agreement and provided a demand to Defendant for immediate payment in the amount of $8,010,901.55.

22. Defendant has not remitted payment, as required by Plaintiff's demand, and the terms of the 2001 Lease Agreement, and is thus in default of its obligations to Plaintiff under the 2001 Lease Agreement.

23. Plaintiff has fully performed all of its obligations under the 2001 Lease Agreement, including its obligations under each Addendum to the 2001 Lease Agreement specified in paragraphs 11 - 16 above.

**The 2005 Agreement**

24. On or about March 29, 2005, Plaintiff and Defendant entered into a Master Equipment Lease Agreement (the "2005 Lease Agreement"), whereby Plaintiff agreed to lease to Defendant certain shipping containers, to be specified in Addenda, in exchange for specified payments by Defendant to Plaintiff.

25. Pursuant to the Lease Addendum Agreement No. 2, dated as of March 29, 2005, Plaintiff leased to Defendant certain specified shipping containers for a ten-year period commencing June 1, 2005, in exchange for the payments specified in the Addendum.

26. Defendant failed to make the full rental payments due under the 2005 Lease Agreement on May 29, 2009 and June 30, 2009.

27. Defendant failed to make the required payment due on May 29, 2009 under Addendum No. 2 to the 2005 Lease Agreement.

28. Having not received the required payment due on May 29, 2009 under Addendum No. 2 to the 2005 Lease Agreement, Plaintiff exercised its option to draw the required amount from Defendant's security deposit. Plaintiff notified Defendant that Defendant was required to replenish the security deposit in the amount drawn down within five days of receipt of such notice, or it would be in default.

29. Defendant did not replenish the security deposit within that period, or after. Plaintiff thereafter notified Defendant that its failure to do so constituted an Event of Default under the 2005 Lease Agreement.

30. Pursuant to Section 12(a)(i) of the 2005 Lease Agreement, Defendant's failure to pay described in paragraphs 26 - 29 above constitutes an Event of Default.

31. On August 27, 2009, on account of the above Events of Default, Plaintiff invoked its rights under Section 12(b) of the 2005 Lease Agreement and provided a demand to Defendant for immediate payment in the amount of $15,427,495.22.

32. Defendant has not remitted payment, as required by Plaintiff's demand and the terms of the 2005 Lease Agreement and is therefore in default of its obligations to Plaintiff under the 2005 Lease Agreement.

33. Plaintiff has fully performed all of its obligations under the 2005 Lease Agreement, including its obligations under the Addenda to the 2005 Lease Agreement specified in paragraphs 24 - 25 above.

34. Plaintiff provided Defendant with notices informing Defendant that, in the event Defendant failed to make full payment, Defendant would be in default of the 2005 Lease Agreement.

## AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Breach of 2001 Lease Agreement)

35. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. The 2001 Lease Agreement is a binding and enforceable maritime contract entered into by Plaintiff and Defendant for the lease of certain marine shipping containers.

37. Plaintiff agreed to lease certain containers to Defendant and did so in full compliance with its duties and obligations under the explicit terms of the 2001 Lease Agreement.

38. In return, Defendant agreed to perform by, among other things, making rental payments to Plaintiff.

39. Plaintiff has fully performed all of its obligations under the 2001 Lease Agreement.

40. Defendant failed to perform its obligations under the 2001 Lease Agreement by, among other things, failing to pay in full amounts due under the 2001 Lease Agreement on or about May 29, 2009; June 1, 2009; June 30, 2009 and August 1, 2009.

41. Plaintiff provided written notice to Defendant of its failure to make the required payments.

42. Defendant failed to make payment of the outstanding amounts within the terms required by contract, constituting an "Event of Default" under Section 12(a)(i) of 2001 Lease Agreement.

43. Defendant additionally failed to make the payment subsequently demanded by Plaintiff in accordance with Plaintiff's rights in the Event of Default under the express terms of the 2001 Lease Agreement.

44. Defendant has materially breached, and is in default of, the 2001 Lease Agreement.

45. Plaintiff has been damaged and continues to be damaged as a direct result of Defendant's default and material breach of the 2001 Lease Agreement.

46. As a result of Defendant's default and breach, Plaintiff is entitled damages under, *inter alia*, Sections 12(b) through (h) of the 2001 Lease Agreement in the amount of no less than $8,010,901.55.

47. Plaintiff is additionally entitled to recover interest and all costs and attorney fees incurred in this action and in otherwise exercising its rights and remedies under the 2001 Lease Agreement.

### AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Breach of 2005 Lease Agreement)

48. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. The 2005 Lease Agreement is a binding and enforceable maritime contract entered into by Plaintiff and Defendant for the lease of certain marine shipping containers.

50. Plaintiff agreed to lease certain containers to Defendant and did so in full compliance with its duties and obligations under the explicit terms of the 2005 Lease Agreement.

51. In return, Defendant agreed to perform by, among other things, making rental payments to Plaintiff.

52. Plaintiff has fully performed all of its obligations under the 2005 Lease Agreement.

53. Defendant failed to perform its obligations under the 2005 Lease Agreement by, among other things, failing to pay in full amounts due under the 2005 Lease Agreement on or about May 29, 2009.

54. Plaintiff provided written notice to Defendant of its failure to make the required payment.

55. Defendant failed to make payment of the outstanding amounts within the terms required by contract, constituting an "Event of Default" under Section 12(a)(i) of the 2005 Lease Agreement.

56. Defendant additionally failed to make the payment subsequently demanded by Plaintiff in accordance with Plaintiff's rights in the Event of Default under the express terms of the 2005 Lease Agreement.

57. Defendant has materially breached, and is in default of, the 2005 Lease Agreement.

58. Plaintiff has been damaged and continues to be damaged as a direct result of Defendant's default and material breach of the 2005 Lease Agreement.

59. As a result of Defendant's default and breach, Plaintiff is entitled damages under, *inter alia*, Sections 12(b) through (f) of the 2005 Lease Agreement in the amount of no less than $15,427,495.22.

60. Plaintiff is additionally entitled to recover interest and all costs and attorney fees incurred in this action and in otherwise exercising its rights and remedies under the 2005 Lease Agreement.

## AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (Breach of Implied Covenants of Good Faith and Fair Dealing)

61. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Every contract governed by New York law, including the Lease Agreements, contains an implied covenant of good faith and fair dealing which precludes each party from engaging in conduct that will deprive the other party of the benefits of their agreement.

63. Good faith entails that neither party will take any action that injures or destroys the right of the other party to receive the benefits of the contract.

64. Fair dealing means that each party to a contract must act honestly and behave as a reasonable business person would behave.

65. Defendant's failure and refusal to provide the monies due under the Lease Agreements was not commercially reasonable and violates the duty of good faith and fair dealing.

66. Defendant's breach of the covenant of good faith and fair dealing, which includes but is not limited to the above wrongful acts, has caused and will continue to deprive Plaintiff of its reasonable expectation bargained for under the Lease Agreements.

67. As a result of Defendant's aforementioned wrongful conduct, Plaintiff suffered damages in the amount of not less than $23,438,396.77.

WHEREFORE, Plaintiff GECC respectfully requests that this Court enter judgment in its favor and against Defendant Zim in the amount of $23,438,396.77, together with interest, costs,

disbursements and attorneys' fees, along with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      September 4, 2009

Respectfully Submitted,

By: _____
Wendy H. Schwartz
Oliver Beiersdorf
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450